IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MATTHEW BYNUM, an individual, and (2) SHERREY BYNUM, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>(1) STATE FARM FIRE AND CASUALTY COMPANY, and (2) BILLY BEST, an individual,<br><br>Defendants. | Case No. CIV-18-540-D<br><br>(Beckham County Case No. CJ-2018-65) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") hereby removes this action from the District Court of Beckham County, Oklahoma, where it was filed as Case No. CJ-2018-65, to the United States District Court for the Western District of Oklahoma. As the grounds for removal, State Farm states as follows:

1.   On or about May 7, 2018, Plaintiffs filed a Petition (the "Complaint") in the District Court of Beckham County, State of Oklahoma, against (1) State Farm and (2) State Farm employee, Billy Best ("Mr. Best"). The case, *Bynum v. State Farm Fire and Casualty Co. and Billy Best*, was assigned Case No. CJ-2018-65 (the "State Court Action"). A copy of the Complaint is attached here as Exhibit 1.

{S446605;4}

2.  The District Court of Beckham County issued civil summonses on May 7, 2018. The summons was served on Mr. Best on May 11, 2018. The summons was served on the State Farm through the Oklahoma Insurance Department on or about May 16, 2018. Copies of the summonses and returns of service filed in the State Court Action are attached here as Exhibit 2.

3.  No defendant has filed an answer in the State Court Action. In filing this Notice of Removal, State Farm does not waive any defense or counterclaim that may be available.

**Basis for Removal**

4.  State Farm removes this action from the District Court of Beckham County, State of Oklahoma, to this Court pursuant to 28 U.S.C. § 1332 and based on the diversity of citizenship of Plaintiffs and State Farm. State Farm is for jurisdictional purposes a citizen of the State of Illinois. Plaintiffs are individual citizens and residents of the State of Oklahoma. The amount in controversy under Plaintiffs' claim against State Farm exceeds the sum of $75,000, exclusive of interest and costs. Although Mr. Best is also a citizen of the State of Oklahoma, this Court has diversity jurisdiction over this matter because, as shown below, Mr. Best has been fraudulently joined in this case.

5.  This removal is proper under 28 U.S.C. § 1441 because, but for Plaintiffs' fraudulent joinder of Mr. Best as a defendant, this Court would have original jurisdiction over the action under 28 U.S.C. § 1332.

6.  Because Mr. Best is fraudulently joined in this action his consent to removal is not required. *Moseley v. Wyeth*, No. CIV-02-1120-M, 2002 WL 32991341, *1 n. 4 (W.D.

Okla. Sept. 13, 2002) ("If he is a fraudulently joined defendant, then his consent is not required for removal."). In any event, as confirmed by the signature of undersigned counsel, who is also counsel for Mr. Best, Mr. Best does consent to the removal.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of State Farm's receipt of the Complaint and within one (1) year of the commencement of the State Court Action.

8. Written notice of filing of this Notice of Removal will be given to the Plaintiffs. Also, as required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the District Court of Beckham County, Oklahoma, the court in which the State Court Action was filed.

9. Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2(a), all papers served upon State Farm in the State Court Action at the time of this removal, consisting of the Complaint and the Civil Summons, are attached as Exhibits 1 and 2, respectively. Pursuant to LCvR 81.2(a), a true and correct copy of the docket sheet in the State Court Action, current through the date of this filing, is attached hereto as Exhibit 3.

## The Fraudulent Joinder

10. Although both Plaintiffs and Mr. Best are citizens of the State of Oklahoma, Mr. Best's joinder in this lawsuit does not prevent removal because Mr. Best has been fraudulently joined in an apparent attempt to prevent removal. Accordingly, his citizenship must be ignored for removal purposes. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity").

"[T]he joinder of a resident defendant…against whom there is in fact no cause of action, will not defeat removal." *Smith v. Texas Roadhouse, Inc.*, No. CIV-14-392-HE, 2015 WL 6020277, *1 (W.D. Okla. Oct. 14, 2015) (quoting *Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 n.* (10th Cir. 1983)).

11. Fraudulent joinder may be found upon a showing of either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988. When removal is based on fraudulent joinder, the Court must determine whether the plaintiffs "'ha[ve] any possibility of recovery against the party whose joinder is questioned.'" *Texas Roadhouse*, 2015 WL 6020277 at *1 (quoting *Montano v. Allstate Indem.*, 211 F.3d 1278, 1278 (10th Cir. 2000)). If the Court finds the Plaintiffs cannot establish a cause of action against the non-diverse party, "the Court may properly retain the case and dismiss the fraudulently joined defendant." *Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2014 WL 223455, *2 (W.D. Okla. Jan. 21, 2014).

12. "Fraudulent joinder need not involve actual fraud in the technical sense. Instead, it can occur when the plaintiff joins a 'resident defendant against whom no cause of action is stated' in order to prevent removal under a federal court's diversity jurisdiction." *Brazell v. Waite*, 525 Fed. App'x 878, *3 (10th Cir. 2013). If fraudulent joinder is not based on "outright fraud in the pleading of jurisdictional facts," then "the question becomes more closely akin to that of whether the plaintiff has properly stated a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6)." *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1271, 1278 (N.D. Okla. 2006).

13. As shown below, Mr. Best is fraudulently joined in this case because Plaintiffs have failed to state a cause of action against him and are unable to state a cause of action against him.

### **The Allegations Against Defendants**

14. Plaintiffs' claims in this case center on allegations relating to Plaintiffs' claim for benefits under State Farm Homeowners Policy No. 36-BP-B669-7 (the "Policy") issued by State Farm to Plaintiffs. [Compl., Ex. 1 at ¶¶ 6-9; Policy, Ex. 4.] Plaintiffs made a claim for benefits under the Policy, and Mr. Best is one of the State Farm claims specialists assigned to handle Plaintiffs' claim. [Compl. at ¶¶ 6, 16; June 12, 2017 Letter from Mr. Best to Mr. Bynum, Ex. 5, reflecting title of Mr. Best]

15. Plaintiffs allege that State Farm breached the terms of the Policy by "underestimating the loss, failing to investigate the full extent of loss, failing to pay for all covered damages and necessary repairs, taking improper depreciation, prematurely cutting off Additional Living Expense coverage, and failing to honor and comply with the policy's appraisal provision." [Compl., Ex. 1 at ¶ 10.] Plaintiffs further alleges State Farm "breached its duty of good faith and fair dealing." [*Id*. at ¶ 13.] While State Farm denies these allegations, it is without doubt that these allegations against State Farm are the basis for Plaintiffs' case.

16. For the sole purpose of destroying diversity, Plaintiffs also make allegations against State Farm employee Mr. Best, one of several State Farm employees assigned to assist in the handling of Plaintiffs' claim under the Policy.

17. Plaintiffs allege that Mr. Best "unlawfully trespassed upon Plaintiffs' property, gained access to and entered Plaintiffs' home without their permission, and invaded Plaintiffs' privacy for nefarious reasons." [*Id*. at ¶ 16.] Plaintiffs go on to say that the "reasons for his trespass and invasion of privacy will be the subject of discovery herein." [*Id*.]

18. "Oklahoma law states: a. trespasser is one who enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or on any business of such person, but merely for his own purposes, pleasure, or convenience, or out of curiosity." *Thompson v. City of Shawnee*, Okla., No. CIV-09-1350-C, 2010 WL 1780314, at *3 (W.D. Okla. May 3, 2010) (citing *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, ¶ 15, 956 P.2d 858, 862.).

19. Oklahoma law also establishes that damages must be pled to succeed on trespass to property claims. To succeed on their property claim for trespass, "Plaintiffs must be able to show their right to possession and interests held in the *damaged* property." *(1) W.B. Johnston Grain Co. v. (1) BNSF Ry. Co.*, No. CIV-10-1239-C, 2011 WL 13114152, at *2 (W.D. Okla. Feb. 8, 2011) (emphasis added) (citing *Fairlawn Cemetery Ass'n v. First Presbyterian Church*, 1972 OK 66, ¶ 14, 496 P.2d 1185, 1187). In *W.B. Johnston*, the court found it was not sufficient to summarily plead that "flooding occurred and continues to occur", because that did not provide Defendant with sufficient information setting out the damages. "[T]he measure of damages for trespass is the difference in the value of the land before the trespass and the value after the trespass." *Tulsa Foods, Inc. v.*

*Wal-Mart Stores, Inc.*, No. 06-CV-279-TCKPJC, 2007 WL 649347, at *5 (N.D. Okla. Feb. 26, 2007) (quoting *Gipson v. Sprint Comm. Co.*, 81 P.3d 65, 73 (Okla. Ct. App. 2003)).

20. Here, Plaintiffs do not even summarily allege that they were damaged by any alleged trespass by State Farm employee Mr. Best. And, although Plaintiffs allege that they need discovery into the "reasons" for Mr. Best's alleged trespass, Plaintiffs do not allege, nor could they reasonably allege, that they need to discovery to determine whether they have suffered any damages. Plaintiffs' trespass claim is nothing more than a sham to defeat diversity.

21. In addition to their failure to allege damage, Plaintiffs' trespass claim is based on conclusory allegations insufficient to state a claim of trespass. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

22. Plaintiffs cannot cure their lack of damage by amending their pleading, nor can they cure the fact that their claims are based on actions of Mr. Best, acting as an employee of State Farm. *See Metro. Fair Hous. Council of Oklahoma, Inc. v. Pelfrey*, 292 F. Supp. 3d 1250, 1252 (W.D. Okla. 2017) (citing *Meyer v. Holley*, 537 U.S. 280, 285, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003)) (discussing that it is well established that "vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment."); *Theodore v. Hacker Boat Co.*, No. CIV.A. 09-10831-GAO, 2010 WL 1930063, at *1 (D. Mass. May 12, 2010)

(Plaintiff's claim against employee defendant must fail under 12(b)(6) because employee was acting within the scope of employment and was not motivated by personal gain.)[1] Therefore, Plaintiffs allegations against Mr. Best—who Plaintiffs' assert was "employed by Defendant State Farm during the pendency of Plaintiffs' claims"—would actually serve as an additional claim against State Farm.

23.     Moreover, Plaintiffs' conclusory allegations that Mr. Best acted intentionally to interfere with Plaintiffs' property rights are the "[t]hreadbare recitals" rejected in *Iqbal*. The lack of specificity is highlighted by Plaintiffs' admission that "the reasons for [Mr. Best's] trespass and invasion of privacy will be the subject of discovery herein." [Compl. at ¶ 16]. Plaintiffs fail to allege any facts to support their allegation that Mr. Best trespassed without authority. Indeed, the Policy itself allows State Farm to "make inspections and surveys of the insured location <u>at any time</u>…" (*See* Policy, Ex. 4, Pg. 39) (emphasis added); *See also Romero v. Hartford Cas. Ins. Co.*, No. 1:16-CV-1335-RB-LF, 2017 WL 8220447, at *7 (D.N.M. Aug. 3, 2017) (In a factually similar suit, the court held that a Plaintiff's claim against an insurance adjuster for trespass was "not facially valid" because the

---

[1] Similar concerns, in the context of a negligence claim, were considered in *Wallace v. Allstate Insurance Co.*, where Judge Heaton found that "[r]ecognizing a potential tort recovery [against a claims adjuster] would be inconsistent with the standards developed by Oklahoma as to the insured-insurer relationship," and would "conflict with the Oklahoma Supreme Court's decision that in the context of a coverage dispute between an insurer and insured, unless the insured proves bad faith, his recovery will be limited to damages for breach of contract." No. CIV-12-0310-HE, 2012 WL 2060664, *2 (W.D. Okla. June 7, 2012). In *Wallace*, Judge Heaton determined that because a claim against an independent insurance adjuster is not viable under Oklahoma law, naming an independent insurance adjuster as a party to destroy diversity jurisdiction is fraudulent joinder. *Id*. at *3.

Plaintiffs could not show that the entry was unauthorized based on the insurance policy at issue allowing such entry.).

24. Although Plaintiffs are not required to prove their allegations in the Complaint, they are required to plead enough facts to "nudge[ their] claims…across the line from conceivable to plausible." *Iqbal*, 556 US at 680. Plaintiffs have failed to carry that burden.

25. Because Plaintiffs trespass claim against Mr. Best fails as a matter of law, Mr. Best is fraudulently joined in this action, and Mr. Best's status as an Oklahoma resident "will not defeat removal." *Smith v. Texas Roadhouse, Inc.*, No. CIV-15-0392-HE, 2015 WL 6020277, at *1 (W.D. Okla. Oct. 14, 2015).

WHEREFORE State Farm respectfully requests that the above referenced action now pending in the District Court of Beckham County, State of Oklahoma, be removed therefrom and proceed in this Court as an action duly removed from this day forward.

DATED: this 1ST day of June 2018.

Respectfully submitted,

s/Lisa T. Silvestri
Lisa T. Silvestri, OBA No. 19239
GABLEGOTWALS
1100 ONEOK Plaza
100 W. 5th Street
Tulsa, OK 74103-4217
(918) 595-4800
(918) 595-4990 fax
*lsilvestri@gablelaw.com*

and

Ashley E. Quinn, OBA No. 33251
GABLE & GOTWALS
Fifteenth Floor
One Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7101
(405) 235-5500
(405) 235-2875 (fax)
*aquinn@gablelaw.com*
***Attorney for Defendants***
***State Farm Fire and Casualty Company***
***and Billy Best***

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Rodney D. Stewart
Joshua I. Peach
Mark Albert

s/Lisa T. Silvestri
Lisa T. Silvestri