IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MATTHEW BYNUM, *et al.*, )
)
      Plaintiffs, )
)
v. ) Case No. CIV-18-540-D
)
STATE FARM FIRE AND CASUALTY ) (District Court of Beckham County
COMPANY, *et al.*, ) Oklahoma, Case No. CJ-2018-65)
)
      Defendants. )

# **O R D E R**

Before the Court is Plaintiffs' Motion for Remand [Doc. No. 7], filed pursuant to 28 U.S.C. § 1447(c), contesting the jurisdictional basis of Defendants' removal of this diversity case from state court. Specifically, Plaintiffs challenge the allegations of fraudulent joinder in the Notice of Removal filed by Defendant State Farm Fire and Casualty Company ("State Farm") regarding Plaintiffs' action against Defendant Billy Best, who has the same citizenship as Plaintiffs. State Farm has timely opposed the Motion, which is fully briefed and at issue.[1]

---

[1] Echoing State Farm's fraudulent joinder arguments, Mr. Best has moved for dismissal. *See* Def. Best's Mot. Dismiss [Doc. No. 5]. However, if Mr. Best was fraudulently joined and is disregarded as a party, then the Court has no jurisdiction to resolve the merits of Plaintiffs' claims against him, and he must be dismissed without prejudice. *See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217-18 (10th Cir. 2006) (if district court lacks jurisdiction, it is incapable of reaching a disposition on the merits, and dismissal must be without prejudice). Further, federal courts must decide jurisdiction as a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 95 (1998). Thus, Plaintiffs' Motion must be resolved first.

## Factual and Procedural Background

This case concerns Plaintiffs' insured loss from a May 16, 2017 tornado in Elk City, Oklahoma, under a homeowner's insurance policy issued by State Farm. Among other things, Plaintiffs claim that State Farm failed to pay the full amount due under the policy and breached its duty of good faith and fair dealing. Plaintiffs sued State Farm in the District Court of Beckham County, Oklahoma, on May 7, 2018. Their state court petition also includes a tort action against Mr. Best, an employee of State Farm, alleging in full that "on one or more occasions, [he] unlawfully trespassed upon Plaintiffs' property, gained access to and entered Plaintiffs' home without their permission, and invaded Plaintiffs' privacy for nefarious reasons." *See* Pet. [Doc. No. 1-1], ¶ 16. State Farm timely removed the case to federal court on June 1, 2018.

By its Notice of Removal, State Farm invokes federal subject matter jurisdiction under 28 U.S.C. § 1332(a) based on allegations that Plaintiffs fraudulently joined Mr. Best in an attempt to defeat diversity of citizenship. Specifically, State Farm asserts that Plaintiffs' petition fails to state a trespass claim against Mr. Best under Oklahoma law, and that Plaintiffs "are unable to state a cause of action against him," (Not. Removal, ¶ 13) because they: 1) fail to plead any damages caused by the alleged trespass, which is fatal to their tort claim (*id*. ¶¶ 19-20); 2) provide insufficient factual allegations to state a plausible trespass claim under federal pleading standards (*id*. ¶¶ 21, 23-24); and 3) allege conduct by Mr. Best acting within the scope of his employment, which would, if anything, create vicarious liability of State Farm, not personal tort liability of its agent (*id*. ¶ 22).

Plaintiffs assert in their Motion that State Farm is wrong and that they have "causes of action against Best for: (1) trespass, and (2) invasion of their privacy." *See* Mot. Remand at 2. Plaintiffs point out that their pleading was filed in state court, where it was required to satisfy only the notice pleading standard of Okla. Stat. tit. 12, § 2008. Further, Plaintiffs provide additional facts to support their tort claims through the Affidavit of Matthew Bynum [Doc. No. 17]. Plaintiffs contend Mr. Best was not performing claim-adjustment duties for State Farm when he "unlawfully entered their home and was caught red-handed inside the house by Matthew Bynum." *See* Mot. Remand at 2.

As summarized in Plaintiffs' brief, the additional facts are as follows:

> As Mr. Bynum explains, he went by his home to check on things. There were no appointments scheduled with Best or any other representative of State Farm. The prior course of conduct, for all claim-related activities, was that State Farm would make an appointment days in advance. There was no ongoing claims activity that necessitated Best visiting the property, and there had been no discussions of such. As Mr. Bynum approached his home, he saw milling around inside the garage of his home near the entry to the laundry room and kitchen. Mr. Bynum stopped in the street and watched Best for a few seconds before Best realized he was there. When he was caught, Best looked startled to see the homeowner. He was flustered, and his behavior indicated he knew he shouldn't be there. Best crafted his story on the spot, claiming that he was checking to make sure the Bynums' appliances and cabinets were still in place inside the house. Both men knew the story made no sense because the cabinets had not been part of the claim and the portion of the claim for damaged appliances had already been paid. When Best's story fell apart, he hurried away without asking to finish whatever he was there for. Several days later, Best had a different story, denying that he even entered the garage and claiming that he was there just in case someone had broken in. Of course, Mr. Bynum knew that was not true because he had seen Best inside the garage near the laundry room/kitchen door, and Best had initially told him he was checking on appliances and cabinets, which could only be done from inside the home. To the Bynums' knowledge, Best had no State Farm business on their property or inside their home, and he gave illogical and inconsistent stories

3

> about why he was there, leading them to reasonably believe he was there for his own nefarious purposes.

*Id*. at 3-4. Mr. Bynum also states in his Affidavit that Mr. Best became angry when Mr. Bynum disclosed Mr. Best's conduct in a letter to State Farm seen by Mr. Best's supervisor, which suggests that Mr. Best's entry into the home was not authorized by State Farm. *See* Bynum Aff. ¶ 10.

Based on these factual allegations, Plaintiffs contend they can prove the elements of invasion of privacy (intrusion upon seclusion) and trespass, including damages. They ask the Court both to remand the case to state court, and award them attorney fees and costs incurred due to the improper removal. Plaintiffs assert that an award of fees under § 1447(c) is appropriate because "State Farm lacked an objectively reasonable basis for removing this matter." *See* Mot. Remand at 17 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

**Standard of Decision**

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). State Farm relies solely on the second basis. As the removing party, State Farm must establish federal jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted). Under the circumstances of this case, State Farm must show "there is no possibility that [Plaintiffs] would be able to establish a cause of action against [Mr. Best] in state court." *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000) (unpublished) (internal quotation omitted).[2] The nonliability of a defendant alleged to be fraudulently joined must be "established with complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.

In assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted); *see Smoot*, 378 F.2d at 881-82 ("it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal"); *accord Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013). "[The court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006); *see Brazell*,

---

[2] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

525 F. App'x at 881 ("In general, the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant.") (internal quotation omitted).

## Discussion

Upon consideration, the Court finds that State Farm has failed to carry its burden to show that Plaintiffs have no claim against Mr. Best. First, to the extent that State Farm's allegation of fraudulent joinder is based on alleged deficiencies in Plaintiffs' state-court petition, these arguments are inconsistent with the standard of decision, which authorizes the consideration of matters outside the pleadings. State Farm incorrectly argues that Plaintiffs should not be allowed to flesh out the factual basis of their claims after removal. The authorities on which State Farm bases this argument are inapposite. *See* Def. State Farm's Resp. Br. [Doc. No. 19] at 3-4. The only cited cases involving fraudulent joinder stand for the proposition that a plaintiff cannot raise a new legal theory or make different factual allegations after removal to defeat a claim of fraudulent joinder. *See*, *e.g.*, *Smart v. Pohl*, Case No. CIV-14-813-D, Order at 4-5 (W.D. Okla. Oct. 8, 2014) ("post-removal filings may not be considered when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court") (internal quotation omitted) (available on Westlaw under an incorrect name, *Smith v. Pohl*, 2014 WL 5039966, *2). That is not what is happening here. Mr. Bynum has merely provided a more detailed statement of alleged facts existing at the time of removal that were not included in Plaintiffs' notice-style pleading.

Second, State Farm's contention in the Notice of Removal that Plaintiffs have no tort claim against Mr. Best because he was acting as its agent is incorrect.[3] Plaintiffs do not claim that Mr. Best was acting within the scope of his employment for State Farm when he engaged in the alleged tortious conduct, and they provide facts to show the opposite is true, that is, he was not acting on State Farm's behalf as part of his job duties at the time of the incident. Moreover, State Farm provides no legal authority for the proposition that an agent is immunized from individual liability for his own tortious conduct whenever his principal may be held vicariously liable under the *respondeat superior* doctrine. This proposition is not supported by Oklahoma law. *See Shebester v. Triple Crown Insurers*, 826 P.2d 603, 609 n.21 (Okla. 1992) ("One who commits a tortious act while acting as agent for another within the scope of his authority is individually liable.") (emphasis omitted); *Bane v. Anderson, Bryant & Co*. 786 P.2d 1230, 1234 (Okla. 1990).

Finally, the Court is unpersuaded by State Farm's contention that Plaintiffs' trespass claim fails because they lack any damages caused by Mr. Best's alleged conduct.[4] Under Oklahoma law, actual damages are not necessary to support a claim for trespass to property. In fact, "State Farm concedes that nominal damages can be appropriate in 'willful, wrongful, malicious, or tortious' trespass." *See* Def. State Farm's Resp. Br. at 8 (quoting

---

[3] State Farm abandons this argument as a basis for a finding of fraudulent joinder in its response to Plaintiffs' Motion by failing to address this issue.

[4] State Farm's argument regarding damages is directed only at Plaintiffs' trespass claim. Regarding invasion of privacy, State Farm argues in its brief that Plaintiffs have failed to allege "highly offensive" conduct, as required by the governing tort standard. *See* Def. State Farm's Resp. Br. at 6-7. Because even one colorable claim overcomes fraudulent joinder, however, the Court need not reach this issue.

*Reed v. Voss*, 213 P. 730, 731 (Okla. 1923)).  State Farm instead argues that Plaintiffs did not request nominal damages in their pleading and, if they did, Mr. Best's alleged wrong was "a trivial or technical trespass" and Plaintiffs "do not allege anything more than trivial damages."  *Id.* at 12.  In other words, State Farm contends Plaintiffs' trespass claim is unworthy of any damages award.

This argument fails under the standard for assessing fraudulent joinder.  The question is whether there is a reasonable possibility that Plaintiffs may succeed on their trespass claim against Mr. Best and obtain an award of damages.  On the record presented, the Court is unwilling to find that Plaintiffs have no possibility of recovery against Mr. Best.  Therefore, State Farm's claim of fraudulent joinder fails.

### Award of Attorney Fees

Plaintiffs request an award of attorney fees under § 1447(c) for improper removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Under the circumstances of this case, the Court cannot say that State Farm lacked an objectively reasonable basis for removal.  From the record, it appears that the facts on which Plaintiffs rely to establish a tort claim against Mr. Best were unknown to State Farm when it filed the Notice of Removal.  Therefore, an award of attorney fees should be denied.

**Conclusion**

For these reasons, the Court finds that State Farm has failed to establish fraudulent joinder. Thus, because Mr. Best cannot be disregarded as a party, complete diversity of citizenship is lacking, and subject matter jurisdiction does not exist. Therefore, the case was improperly removed to federal court, and must be remanded pursuant to 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand [Doc. No. 7] is GRANTED. This case is remanded to the District Court of Beckham County, Oklahoma.

IT IS SO ORDERED this 8th day of August, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE